**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**JASPER DIVISION**

| | |
|---|---|
| TERRY BENTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WALKER COUNTY, ALABAMA, et al., )<br>)<br>Defendants. )<br>) | Case Number: 6:17-cv-00384-JHE |

**MEMORANDUM OPINION AND ORDER[1]**

On March 10, 2017, Defendants Walker County, Alabama; Officer Nicholas Harbin; and Sheriff James E. Underwood removed this action from the Circuit Court of Walker County. (Doc. 1). Shortly thereafter, the defendants moved to dismiss some of Plaintiff Terry Benton's claims. (Doc. 4). Benton has submitted a response in which he consents to the dismissal of several claims. (Doc. 14). Accordingly, for the reasons and to the extent described below, the defendant's partial motion to dismiss, (doc. 4), is **GRANTED**.

**I. Background**

This action is based on allegations that Benton was attacked and beaten by five inmates while incarcerated in the Walker County Jail. (Doc. 3-3). Benton's amended complaint contains seven causes of action.[2] (*See* doc. 3-3). Defendants move to dismiss the following claims and

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 11).

[2] The causes of action in the amended complaint are labeled numerically as nine causes of action, but there are only seven causes of action because the pleading omits the fifth and sixth cause of action. (*See* doc. 3-3).

requests: (1) Benton's request for declaratory relief; (2) Benton's § 1983 claims against Officer Harbin and Sheriff Underwood in their official capacities; (3) Benton's eighth cause of action against Sheriff Underwood for state law negligent hiring, training and supervision; and Benton's second cause of action for failure to protect against Sheriff Underwood. (Doc. 4).

## II. Analysis

### A. Request for Declaratory Relief

On page 1 and 24 of the amended complaint, Benton makes a request for declaratory relief. (Doc. 3-3 at 1, 24). Specifically, Benton requests the court make a finding "declaring the acts of the defendants violates the plaintiff's constitutional rights, directing the defendants to draft and implement constitutional policies and training regarding provision of medical care and treatment to inmates; and enjoining the defendants from committing or participating in such acts in the future." (*Id.*). In response to the defendant's motion to dismiss Benton's request for declaratory relief, Benton consents to dismissal of his request for "prospective injunctive and declaratory relief[,]" explaining "this issue is moot" as he is no longer incarcerated at the Walker County Jail. (Doc. 14 at 2).

### B. Section 1983 Claims Against Officer Harbin and Sheriff Underwood in Their Official Capacities

Defendants seek dismissal of Benton's claims under 42 U.S.C. § 1983 against Officer Harbin and Sheriff Underwood in their official capacities (as opposed to individual capacities) because state officials sued in their official capacities do not meet the definition of "person" that can be made subject to liability under § 1983. (Doc. 4 at 4) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)). Recognizing this, Benton consents to dismissal of his § 1983 claims against Officer Harbin and Sheriff Underwood in their *official* capacities. (Doc. 14 at 2).

### C. Eighth Cause of Action – Negligent Hiring, Training, and Supervision Against Sheriff Underwood

Benton's eighth cause of action asserts a state tort claim against Sheriff Underwood for failing to adequately hire, train, and supervise the daily activities of the Walker County Jail. (Doc. 3-3). Plaintiff consents to the dismissal of this claim on the ground Sheriff Underwood is entitled to State Immunity under Article I, § 14 of the Alabama Constitution. (Doc. 14 at 3).

### D. Failure to Protect Claim Against Sheriff Underwood

Benton's second cause of action, failure to protect, and his fourth cause of action, deliberate indifference – failure to protect, are both asserted against Sheriff Underwood. (Doc. 3-3). Defendants seek to dismiss the second cause of action, arguing it is duplicative. (Doc. 4 at 4-5). Benton consents to dismissal of the fourth cause of action (as opposed to the second cause of action), stating that the fourth cause of action appears to contain a typographical error. (Doc. 14 at 3).

### III. Conclusion

For the reasons and to the extent stated above, the partial motion to dismiss, (doc. 4), is **GRANTED**. The following requests and causes of action are **DISMISSED**: (1) Benton's request for declaratory relief; (2) Benton's § 1983 claims against Officer Harbin and Sheriff Underwood in their *official* capacities; (3) Benton's eighth cause of action against Sheriff Underwood; and Benton's fourth cause of action for failure to protect against Sheriff Underwood.

The following causes of action go forward: (1) § 1983 Failure to Protect Against Officer Harbin in his individual capacity; (2) § 1983 Failure to Protect Against Sheriff Underwood in his individual capacity; (3) § 1983 Failure to Provide Adequate Medical Care Against Underwood in his individual capacity; (4) §1983 Failure to Fund Against Walker County; and (5) state law claim for negligence, wantonness, and/or recklessness against Officer Harbin. Benton seeks

3

compensatory damages, punitive damages, reasonable attorney's fees, court costs, and expenses, and "such other, further relief as appears reasonable and just." (Doc. 3-3 at 24-25).

DONE this 1st day of May, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE